Dear Senator Melton:
This opinion is in response to your question asking:
 "My question is whether or not the Department of CARL has any authority or control over the Division of Tourism other than submitting the budget and approving the annual report, if indeed the Division is assigned to CARL."
Applicable sections of law are as follows:
Section 4.1, Omnibus Reorganization Act of 1974, Appendix B, RSMo Supp. 1975, provides:
 "There is hereby created a department of consumer affairs, regulation and licensing to be headed by a director appointed by the governor, by and with the advice and consent of the senate."
Section 4.13, Omnibus Reorganization Act of 1974, Appendix B, RSMo Supp. 1975, provides:
 "All the powers, duties and functions vested in the tourism commission, chapter 258, RSMo, and others, are transferred to the division of tourism, which is hereby created, by type III transfer."
Section 1.7 (1)(c), Omnibus Reorganization Act of 1974, Appendix B, RSMo Supp. 1975, provides:
 "Under this act a type III transfer is the transfer of a department, division, agency, board, commission, unit or program to the new department with only such supervision by the head of the department for budgeting and reporting as provided under subdivisions (4) and (5) of subsection 6, of this section and any other supervision specifically provided in this act or later acts. Such supervisions shall not extend to substantive matters relating to policies, regulative functions or appeals from decisions of the department, division, agency, board, or commission unless otherwise provided by this act or later acts. The method of appointment under type III transfer will remain unchanged unless specifically altered by this act or later acts."
Section 1.6(2), Omnibus Reorganization Act of 1974, Appendix B, RSMo Supp. 1975, provides in part:
 ". . . The plan shall provide for the level of compensation for division and other administrative positions, subject to appropriations therefor. . . ."
Section 1.6(4)(a), Omnibus Reorganization Act of 1974, Appendix B, RSMo Supp. 1975, provides:
 "The head of each department, unless otherwise provided by this act, shall have exclusive budget-making powers for the department and for each division, commission, board, unit or other agency within the department. The head of the department shall submit estimates of requirements for appropriations on behalf of the department and each division, commission, board, unit or other agency within the department, as provided by section 33.220, RSMo. Each division, commission, board, unit or other agency within the department shall present its estimate of requirements to the department head each year at or before such time as the head of the department directs. The department head shall review each estimate submitted to it and may modify any estimate. The department head shall consolidate all estimates or requirements for appropriations and prepare an estimate for submission on behalf of the department and each division, commission, board, unit or other agency within the department, subject to the form prescribed by section 33.220, RSMo."
Section 1.6(4)(b), Omnibus Reorganization Act of 1974, Appendix B, RSMo Supp. 1975, provides in part:
 "The head of the department shall prepare all budgets for agencies within his department and shall present the budget to the commissioner of administration. . . ."
Section 258.320.1, RSMo 1969, states:
 "The commission shall employ a staff headed by a director of tourism who shall be qualified by education and experience in public administration with a background in the use of the various news media as to the dissemination of public information to promote tourism. The director shall serve at the pleasure of the commission, and the commission shall fix his compensation within the appropriation made for the purpose."
Along with your opinion request, you forwarded to us a copy of a memorandum of October 17, 1977, from the present director of the Division of Tourism, Jim Pasley, concerning type III transfers and the Department of Consumer Affairs, Regulation and Licensing. We gather from reviewing your opinion request and the attached memorandum that the salary of the director of a division in a type III transfer is at the heart of your inquiry.
In light of the above-cited law, it is our view that the Division of Tourism created by reorganization was transferred to the Department of Consumer Affairs, Regulation and Licensing by virtue of a type III transfer.
It is our further view that the question which you have asked in light of the memorandum of Mr. Pasley of October 17, 1977, has been laid to rest in a prior opinion of this office, No. 53 issued to Michael Garrett on March 18, 1975. That opinion specifically held that department heads have authority under Senate Bill No. 1, 77th General Assembly, to set the salary of division and other administrative positions subject to appropriations therefor. While under a type III transfer the department director is responsible for budgeting and reporting and not for supervision extending to substantive matters relating to policies, regulative functions, or appeals from the decisions of the division, it is apparent that a department director under Section 1.6(2), Omnibus Reorganization Act of 1974, has been authorized to determine the level of compensation for the director of the Division of Tourism. Thus, it is our belief that the essential question raised by your opinion request has been answered in Opinion No. 53. That part of Section 258.320.1 relating to salary was superseded by the Reorganization Act.
It is our view that the Division of Tourism was transferred to the Department of Consumer Affairs, Regulation and Licensing by a type III transfer under the Omnibus Reorganization Act of 1974 and that the department director is responsible for the budgeting and reporting of the Division of Tourism and that he may establish the salary of the director of that division but may not supervise any substantive matters relating to policies, regulative functions, or appeals from the decisions of the division.
Yours very truly,
 JOHN ASHCROFT Attorney General